# EXHIBIT A

219638169

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

Chin Lee a/k/a Chin Young Young a/k/a Chin Young Lee a/k/a Lee Chin,

Index No.: 727870/2024

     Plaintiff(s)

**ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT**

  -against-

Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC a/k/a Transunion; Bank Of Hope; and KeyBank N.A.,

     Defendants.

---

**PLEASE TAKE NOTICE THAT** the enclosed summons and complaint are served pursuant to section 312-a of the Civil Practice Law and Rules.

**PLEASE TAKE FURTHER NOTICE** that to avoid being charged with the expense of service upon you, you must sign, date, and complete the acknowledgement part of this form and mail back in the enclosed self addressed prepaid envelope provided, or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it.

You should keep a copy for your records or your attorney. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire. If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) will be required to pay expenses incurred in serving the within documents in any other manner permitted by law, and the cost of such service as permitted by law will be entered as a judgment against you. If you have received a complaint or petition with this statement, the return of this statement and acknowledgement does not relieve you of the necessity to answer the complaint, petition, or subpoena. The time to answer a summons and complaint expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult with an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are

1

served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority. It is a crime to forge a signature or to make a false entry on this statement or on the acknowledgement.

Please Check One Of The Following; If #2 Is Checked, Complete As Indicated:

1. [X] I am not in military service.

2. [ ] I am in military service, and my rank and branch of service are as follows:

Rank: _____

Branch of Service: _____

**TO BE COMPLETED REGARDLESS OF MILITARY STATUS:**

I affirm the above as true under penalty of perjury that I received a summons and complaint/ or summons and notice/ or notice of petition and petition/ or subpoena duces tecum/ ad testificandum (strike out inapplicable terms) in the above-captioned matter at (insert address).

Dated: _____

_____
Signature

_____
Print Name

Equifax Information Services LLC
_____
Name of Defendant

_____
Position with Defendant

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

Chin Lee a/k/a Chin Young Young a/k/a Chin Young Lee a/k/a Lee Chin,

                                                    Plaintiff,

                    -against-

Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC a/k/a Transunion; Bank Of Hope; and KeyBank N.A.,

                                                    Defendants.

---

Index No.:

**SUMMONS**

**TO THE ABOVE-NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer on the attorneys for the Plaintiff at the address listed below, within twenty (20) days after the service of this Summons (exclusive of the day of service), or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a defendant in this action, may appear within sixty (60) days of service hereof.

        **YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, judgment will be entered against you by default for the relief demanded in the complaint.

        **<u>VENUE</u>:** Plaintiff designates Queens County as the place of trial. The basis of this venue designation is the county in which Plaintiff resides.

1

Case 1:25-cv-00447-NCM-JAM Document 1-1 Filed 01/27/25 Page 5 of 36 PageID #: 9

Dated: Brooklyn, New York
December 19, 2024

**PETROFF AMSHEN LLP**
*Attorneys for Plaintiff,*
Chin Lee a/k/a Chin Young Young a/k/a Chin Young
Lee a/k/a Lee Chin

*/s/ Serge F. Petroff*
Serge F. Petroff, Esq.
1795 Coney Island Avenue, Third Floor
Brooklyn, New York 11230
Telephone: (718) 336-4200
Email: spetroff@petroffamshen.com

To:

Equifax Information Services LLC
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Experian Information Solutions, Inc.
c/o CT Corporation System
28 Liberty Street
New York, New York 10005

Trans Union LLC a/k/a TransUnion
c/o The Prentice-Hall Corporation System, Inc.
80 State Street
Albany, New York 12207-2543

Bank of Hope
3200 Wilshire Blvd., Suite 1400
Los Angeles, California 90010

KeyBank N.A.
127 Public Square
Cleveland, Ohio 44114

2

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 6 of 36 PageID #:
10

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

———————————————————————

Chin Lee a/k/a Chin Young Young a/k/a Chin Young Lee
a/k/a Lee Chin,

                       Plaintiff,

                -against-

Equifax Information Services LLC; Experian Information
Solutions, Inc.; Trans Union LLC a/k/a Transunion; Bank Of
Hope; and KeyBank N.A.,

                    Defendants.

———————————————————————

Index No.:

**COMPLAINT**

Plaintiff Chin Lee a/k/a Chin Young Young a/k/a Ching Young Lee a/k/a Lee Chin (the "Plaintiff"), by and through her attorneys, Petroff Amshen LLP, as and for her complaint against the defendants named herein (collectively, the "Defendants"), hereby alleges the following upon personal knowledge, review of public record, and/or otherwise upon information and belief:

1.      Plaintiff brings this action for damages arising under the Fair Credit Reporting Act ("FCRA") (15 U.S.C. § 1681, *et seq.*) and its implementing Regulation V (12 C.F.R. Part 1022), and New York General Business Law ("GBL") codifying New York's Fair Credit Reporting Act (the "NYFCRA") (GBL § 374, *et seq.*), resulting from Defendants' willful and ongoing violations of consumer credit protection laws, including failure to investigate and correct inaccurate credit reporting duly disputed by Plaintiff.

2.      Finding that "[t]he banking system is dependent upon fair and accurate credit reporting," and "[i]naccurate credit reports directly impair the efficiency of the banking system," Congress enacted the FCRA "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 7 of 36 PageID #: 11

utilization of such information." 15 U.S.C. § 1681.

3.      Thus, because "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers," Congress determined that the protections of the FCRA were necessary "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." *See id.*

4.      Relying on these protections, Plaintiff notified the Defendants of specific errors in her credit report that are negatively impacting her credit score.

5.      Despite Defendants' "grave responsibilities" to ensure the accuracy and proper utilization of Plaintiff's credit information, Defendants failed to properly investigate or correct these errors, causing Plaintiff to suffer additional and ongoing credit damage, adverse action, and other damages.

**PARTIES AND VENUE**

6.      Plaintiff is an individual and resident of the State of New York, County of Queens, residing at 38-41 210 St, Bayside, New York 11361.

7.      Defendant Equifax Information Services LLC ("Equifax") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business at 1550 Peachtree Street NW, Atlanta, Georgia 30309, and registered agent for service in New York c/o Corporation Service Company, 80 State Street, Albany, New York 12207-2543. Equifax is a wholly owned subsidiary of Equifax Inc. Equifax is one of the three national credit reporting agencies ("CRA") recognized by the Federal Trade Commission ("FTC").

8.      Defendant Experian Information Solutions, Inc. ("Experian") is a corporation organized under the laws of the State of Ohio, with its principal place of business at 475 Anton

4

FILED: QUEENS COUNTY CLERK 12/23/2024 02:51 PM

Boulevard, Costa Mesa, California 92626, and registered agent for service in New York c/o CT Corporation System, 28 Liberty Street, New York, New York 10005. Experian is a wholly owned subsidiary of Experian Holdings, Inc. Experian is one of the three national CRAs recognized by the FTC.

9.      Defendant Trans Union LLC a/k/a Transunion ("Transunion") is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 555 West Adams Street, Chicago, Illinois 6066, and registered agent for service in New York c/o The Prentice-Hall Corporation System, Inc., 80 State Street, Albany, New York 12207-2543. TransUnion is one of the three national CRAs recognized by the FTC.[1]

10.     Defendant Bank of Hope is a national banking association organized under the laws of the United States of America, with its principal place of business at 3200 Wilshire Blvd., Suite 1400, Los Angeles, California 90010. Bank of Hope provides a range of financial products and services, including banking, loans, and international trade financing.

11.     Defendant KeyBank N.A. is a national banking association organized and existing under the laws of the United States of America, with its principal place of business at 127 Public Square, Cleveland, Ohio 44114. KeyBank N.A. provides a wide range of financial products and services, including retail and commercial banking, investment management, and consumer finance.

12.     Venue in this county is proper pursuant to CPLR § 503(a), as a substantial part of the events giving rise to Plaintiff's claims occurred in this county, and Plaintiff resides in this county.

---

[1] Equifax, Experian, and TransUnion shall be referred to collectively herein as the "Defendant CRAs."

## STATEMENT OF FACTS

13.     Since January 2001, Plaintiff has been a resident of Queens County. Prior to 2001,

Plaintiff did not live in the United States and was a citizen of South Korea.

14.     In 2001, following her dreams of a fresh start, she moved to the United States.

15.     Since arriving in the United States, Plaintiff has worked hard to build a better life

for her and her family.

16.     Like many immigrants, Plaintiff does not speak English well. This language barrier

has presented challenges for her in navigating various aspects of American society, including

understanding and managing her credit report.

17.     After discovering inaccurate information reflected on her credit report in

connection with multiple accounts, Plaintiff disputed the erroneous information to the Defendant

CRAs and requested an investigation and corrections to her credit file and report.

18.     Specifically, in September 2024, Plaintiff sent a Notice of Dispute to each of the

Defendant CRAs, advising and disputing inaccurate items appearing on her credit report, and

requesting an investigation and correction of any errors. True and correct copies of the Notice of

Dispute mailed to each of the Defendant CRAs, with proof of delivery and without enclosures, are

annexed collectively hereto as **Exhibit A**.

19.     In connection with the Notice of Dispute, Plaintiff provided all necessary

information to identify the accounts and items in error, and enclosed copies of her driver's license,

social security card, proof of address, and credit report dated September 5, 2024. *See* Ex. A.

20.     Plaintiff also specified the items in dispute as: Charge-off account has inaccurate

information. *See* Ex. A.

21.     Upon information and belief, due to financial hardship, Plaintiff negotiated

Case 1:25-cv-00447-NCM-JAM     Document 1-1     Filed 01/27/25     Page 10 of 36 PageID #: 14

settlement agreements with each creditor for less than the full balance owed.

22.     Plaintiff made the agreed-upon payments on September 13, 2024 and September 16, 2024.

23.     Despite confirming the settlement with the creditors, the accounts are still reporting inaccurate balances on Plaintiff's credit reports with Defendant CRAs.

24.     Upon information and belief, Plaintiff settled a debt on September 13, 2024 with Bank of Hope.

25.     Upon further information and belief, the Defendant CRAs have failed to reasonably investigate the accuracy of information contained in Plaintiff's credit file, or to correct identifiable errors in Plaintiff's credit report, and have continued reporting inaccurate, incomplete, and/or duplicative information regarding multiple accounts appearing on Plaintiff's credit report.

26.     Notwithstanding all prior communications, Experian continues to report revolving account number 404273004113**** as derogatory on Plaintiff's credit report.

27.     Furthermore, Experian is reporting inaccurate information regarding the payment status of the account. Specifically, Experian is reporting the account as "Collection/Charge-off" with commentary indicating an "unpaid balance reported as a loss by the credit grantor." This reporting is inaccurate and is causing harm to the Plaintiff's creditworthiness.

28.     It is important to note that TransUnion and Equifax do not contain this inaccurate information on the Plaintiff's credit reports. This discrepancy further demonstrates the erroneous nature of the reporting by Experian.

29.     This inaccurate reporting is negatively impacting Plaintiff's credit score and hindering her ability to improve her creditworthiness.

30.     Furthermore, Bank of Hope, the original credit grantor associated with the account,

is also liable for furnishing inaccurate information to the credit reporting agencies.

31.     The actions of Bank of Hope, in providing inaccurate information, have contributed to the harm to the Plaintiff's creditworthiness.

32.     Upon information and believe, after making the required payment on account No. 40427300****, Plaintiff contacted Bank of Hope to verify that the account balance had been cleared.

33.     Bank of Hope, through an authorized representative, confirmed via telephone that the payment had been processed correctly and that the account balance was zero. Bank of Hope further stated that the payment was recorded on September 13, 2024. Despite this confirmation, Bank of Hope continues to report inaccurate information regarding the status of the account, harming Plaintiff's creditworthiness.

34.     Upon information and believe, Defendants CRAs TransUnion and Experian are also reporting inaccurate information regarding the status of account number 52492459****, originally associated with KeyBank N.A. On Plaintiff's TransUnion credit report, this account is listed as "Derogatory" with an outstanding balance of $6,185.00. This information is inaccurate as the account has been settled, paid and closed. Maintaining this account as open and "Derogatory" on Plaintiff's credit report is harming her credit score and ability to obtain credit. Experian, in its credit report, also displays this account as "Derogatory", which is similarly inaccurate and harmful to the Plaintiff.

35.     Furthermore, after making the required payment on account No. 52492459****, Plaintiff contacted KeyBank N.A. to verify that the account balance had been cleared.

36.     KeyBank N.A., through an authorized representative, confirmed via telephone that the payment had been processed correctly and that the account balance was zero. KeyBank N.A.

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 12 of 36 PageID #: 16

further stated that the settlement was recorded on September 16, 2024.

37. Despite this confirmation, TransUnion and Equifax continue to report inaccurate information regarding the status of the account, which negatively impacts Plaintiff's credit score.

### VIOLATIONS OF THE FCRA
### (15 U.S.C. § 1681, *et seq.*)

38. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c).

40. KeyBank N.A. is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

41. Bank of Hope is a "furnisher" of information to consumer reporting agencies, with a duty to fulfill the statutory responsibilities enumerated under 15 U.S.C. § 1681s-2, including providing accurate information relating to consumers.

42. Bank Of Hope and KeyBank N.A. are each a "person" as defined by the FCRA. *See* 15 U.S.C. § 1681a(b).

43. Subpart E of Regulation V, the FCRA's implementing regulation, applies to furnishers of information, including KeyBank N.A. and Bank of Hope. *See* 12 C.F.R. §§ 1022.1, 1022.40.

44. Each of the Defendant CRAs is a "consumer reporting agency" as defined by the FCRA. *See* 15 U.S.C. § 1681a(f).

45. Each of the Defendant CRAs individually qualifies as a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis," as defined by the FCRA. *See* 15 U.S.C. §1681a(p).

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 13 of 36 PageID #: 17

## COUNT I
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681n)**
*As To Bank Of Hope And KeyBank N.A.*

46.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

47.     The FCRA prohibits furnishers from reporting information to a CRA "with actual knowledge of errors" and "after notice and confirmation of errors." *See* 15 U.S.C. § 1681s-2(a)(1).

48.     Specifically, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(A). "The term 'reasonable cause to believe that the information is inaccurate' means having specific knowledge, other than solely allegations by the consumer, that would cause a reasonable person to have substantial doubts about the accuracy of the information." 15 U.S.C. § 1681s-2(a)(1)(D).

49.     Additionally, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate." *See* 15 U.S.C. § 1681s-2(a)(1)(B).

50.     Upon receipt of notice of a dispute regarding the completeness or accuracy of information provided to a CRA under 15 U.S.C. § 1681i(a)(2), a furnisher of the disputed information must conduct a timely investigation and correct and discontinue any inaccurate reporting. *See* 15 U.S.C. § 1681s-2(b).

51.     Regulation V provides that "[e]ach furnisher must establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency," and "review its policies

Case 1:25-cv-00447-NCM-JAM     Document 1-1     Filed 01/27/25     Page 14 of 36 PageID #: 18

and procedures required by this section periodically and update them as necessary to ensure their continued effectiveness." *See* 12 C.F.R. § 1022.42.

52.     Regulation V defines "accuracy" as:

[I]nformation that a furnisher provides to a consumer reporting agency about an account or other relationship with the consumer [that] correctly: (1) [r]eflects the terms of and liability for the account or other relationship; (2) [r]eflects the consumer's performance and other conduct with respect to the account or other relationship; and (3) [i]dentifies the appropriate consumer.12 C.F.R. § 1022.41(a).

53.     Bank Of Hope and KeyBank N.A. furnished improper and inaccurate account information regarding Plaintiff's accounts to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports issued by the Defendant CRAs.

54.     The inaccurate information included: (i) contradictory account data; (ii) negative reporting; and (iii) improper furnishing of information concerning the account.

55.     Upon information and belief, Bank Of Hope and KeyBank N.A. received notice of Plaintiff's Notice of Dispute regarding the accuracy of her account information as reported to the Defendant CRAs.

56.     Bank Of Hope and KeyBank N.A. failed to review information provided by Plaintiff in connection with the Notice of Dispute, and failed to contact Plaintiff for any additional information.

57.     Bank Of Hope and KeyBank N.A. improperly furnished information to the Defendant CRAs regarding an account settled, after the effective date of the settlement.

58.     Upon information and belief, Bank Of Hope and KeyBank N.A. furnished inaccurate information regarding the accounts to the Defendant CRAs, without notice that the information was disputed, which was then incorporated into Plaintiff's credit reports issued by the Defendant CRAs.

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 15 of 36 PageID #: 19

59.    Upon information and belief, Bank Of Hope and KeyBank N.A. also deliberately failed and refused to conduct a proper or timely investigation of Plaintiff's dispute, or to correct the disputed information, and has continued improperly and inaccurately furnishing information to the Defendant CRAs in violation of 15 U.S.C. § 1681s-2.

60.    Bank Of Hope and KeyBank N.A.'s deliberate and ongoing furnishing of improper, inaccurate, and duplicative information regarding Plaintiff's accounts has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

61.    As a result of Bank Of Hope and KeyBank N.A.'s willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit

62.    recovery and lawsuit defense; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

### **COUNT II**
**Negligent Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(15 U.S.C. §§ 1681s-2, 1681o)**
*As To Bank Of Hope and KeyBank N.A.*

63.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

64.    Upon information and belief, Bank Of Hope and KeyBank N.A. "regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about [its] transactions or experiences with any consumer." *See* 15 U.S.C. § 1681s-2(a)(2).

65.    Upon information and belief, Bank Of Hope and KeyBank N.A. furnished

inaccurate information regarding Plaintiff's Bank Of Hope and KeyBank N.A. accounts to the Defendant CRAs, which was incorporated into Plaintiff's credit file and credit reports. Furnisher Defendants knew or, if it had conducted the required investigation, should have known, that the information it furnished to the Defendant CRAs was inaccurate and improperly duplicative.

66.     As a compiler and furnisher of consumer information concerning its accounts, Bank Of Hope and KeyBank N.A. had a duty to ensure the accuracy of any such information furnished to the Defendant CRAs, and to prevent the furnishing of inaccurate and duplicative information, particularly after Plaintiff and Bank Of Hope and KeyBank N.A. settled the debts on the accounts. *See* 15 U.S.C. § 1681s-2(a)(6).

67.     Upon information and belief, after receiving notice of Plaintiff's dispute regarding the accuracy of her account information as reported by the Defendant CRAs, Bank Of Hope and KeyBank N.A. thereafter negligently failed and refused to conduct any required investigation or to correct the disputed and duplicative information, and has continued inaccurately furnishing inaccurate information to the Defendant CRAs regarding the settled Bank Of Hope and KeyBank N.A. accounts, in violation of 15 U.S.C. § 1681s-2.

68.     Upon information and belief, Bank Of Hope and KeyBank N.A. have further negligently persisted in reporting inaccurate information to the Defendant CRAs without providing notice that Plaintiff has disputed such information, in violation of 15 U.S.C. § 1681s-2(3).

69.     Accordingly, the Defendant CRAs have continued producing credit reports for Plaintiff containing inaccurate and damaging credit information.

70.     Bank Of Hope and KeyBank N.A.'s negligent and ongoing furnishing of improper and inaccurate information regarding Plaintiff's Bank Of Hope and KeyBank N.A. accounts has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 17 of 36 PageID #: 21

rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

71.     As a result of Bank Of Hope and KeyBank N.A.'s negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

### COUNT III
**Willful Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681n)**
*As To The Defendant CRAs*

72.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

73.     "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

74.     The Defendant CRAs each received Plaintiff's Notice of Dispute demonstrating that Plaintiff's credit report contained inaccurate information.

75.     Despite receipt of the foregoing, the Defendant CRAs deliberately failed and refused to undertake a reasonable investigation to ensure the accuracy of reported information concerning Plaintiff's accounts.

76.     Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit report was inaccurate, the Defendant CRAs failed

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 18 of 36 PageID #: 22

and refused to properly review it, and further failed and refused to contact Plaintiff, or the furnishers of the information, for any additional information that would assist in a reasonable investigation.

77.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

78.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their reports was malicious, intentional, reckless, and willful.

79.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

**COUNT IV**
**Negligent Failure to Assure Accuracy of Consumer Information in Credit Report**
**(15 U.S.C. §§ 1681e(b), 1681o)**
***AS TO THE DEFENDANT CRAS***

80.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

81.     Despite receipt of evidence that Plaintiff's credit report contained inaccurate information, the Defendant CRAs failed to establish and follow reasonable procedures to promptly

15

Case 1:25-cv-00447-NCM-JAM     Document 1-1     Filed 01/27/25     Page 19 of 36 PageID #: 23

investigate and ensure the accuracy of reported information concerning Plaintiff's accounts.

82.     Accordingly, the Defendant CRAs continued producing credit reports for Plaintiff containing inaccurate and damaging credit information, causing Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

83.     As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including: (i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

### COUNT V
**Willful Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681n)**
*AS TO THE DEFENDANT CRAS*

84.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

85.     "[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file    " 15 U.S.C. § 1681i(a)(1)(A).

86.     This investigation must be completed within thirty (30) days of the CRA's receipt of notice of the dispute. *See id.*

Case 1:25-cv-00447-NCM-JAM Document 1-1 Filed 01/27/25 Page 20 of 36 PageID #: 24

87. The CRA must also provide notice of the dispute to any furnisher of the disputed information, within five (5) business days of receipt.

88. "In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

89. Within five (5) business days of completing a reinvestigation, a CRA must provide the consumer with written notice of the results and additional statutory notices.

90. Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs deliberately failed and refused to undertake the required reinvestigation of Plaintiff's credit file, or to ensure the accuracy of reported information concerning Plaintiff's accounts.

91. Although the information Plaintiff provided should have been sufficient to verify that the disputed information in Plaintiff's credit file was inaccurate, the Defendant CRAs failed and refused to properly review it, and further failed and refused to contact Plaintiff for any additional information that would assist in a reasonable investigation.

92. Upon information and belief, the Defendant CRAs deliberately failed to provide notice of Plaintiff's disputes to the furnishers of the disputed information, as required under 15 U.S.C. § 1681i(a)(2).

93. Upon information and belief, the Defendant CRAs also failed to provide Plaintiff with written notice of the results of the investigation, or any of the additional required statutory notices, in violation of 15 U.S.C. § 1681i.

94. The Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, causing Plaintiff to suffer damages including loss

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 21 of 36 PageID #: 25

and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

95.     The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files was malicious, intentional, reckless, and willful.

96.     As a result of the Defendant CRAs' willful conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681n, including:

(i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; (iii) punitive damages; and (iv) recovery of attorneys' fees and costs incurred in connection with this action.

**COUNT VI**
**Negligent Failure to Assure Accuracy of Consumer Information in Credit File**
**(15 U.S.C. §§ 1681i, 1681o)**
*AS TO THE DEFENDANT CRAS*

97.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

98.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs had a duty to undertake the required reinvestigation of Plaintiff's credit file, and to ensure the accuracy of reported information concerning Plaintiff's accounts.

99.     The Defendant CRAs failed to provide notice of Plaintiff's disputes to Bank Of Hope and KeyBank N.A., as required under 15 U.S.C. § 1681i(a)(2).

100.    The Defendant CRAs failed to investigate Plaintiff's dispute or to properly consider the information Plaintiff submitted in connection with the dispute, and further failed and refused

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 22 of 36 PageID #: 26

to contact Plaintiff or Bank Of Hope and KeyBank N.A. for any additional information that would assist in a reasonable investigation.

101.    The Defendant CRAs further failed to correct inaccurate and damaging credit information contained in Plaintiff's credit file, or to provide Plaintiff with written notice of the results and additional required statutory notices, in violation of 15 U.S.C. § 1681i.

102.    The Defendant CRAs' failure to follow reasonable procedures to assure maximum possible accuracy of the information in their credit files, and failure to correct inaccurate and damaging credit information contained in Plaintiff's credit file, has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

103.    As a result of the Defendant CRAs' negligent conduct in violation of the FCRA, Plaintiff has been damaged and is entitled to damages pursuant to 15 U.S.C. § 1681o, including:

(i) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (ii) statutory damages; and (iii) recovery of attorneys' fees and costs incurred in connection with this action.

## VIOLATIONS OF N.Y. GENERAL BUSINESS LAW

104.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

105.    Sections 374 through 382-b of Article 25 of the New York General Business Law codify New York's Fair Credit Reporting Act.

106.    Plaintiff is a "consumer" within the meaning of the NYFCRA. *See* GBL § 380-a(b).

Case 1:25-cv-00447-NCM-JAM Document 1-1 Filed 01/27/25 Page 23 of 36 PageID #: 27

107. Bank Of Hope and KeyBank N.A. are each a "person" within the meaning of the NYFCRA. *See* GBL § 380-a(a).

108. Each of the Defendant CRAs is a "consumer reporting agency" within the meaning of the NYFCRA. *See* GBL § 380-a(e).

## COUNT VII
**Willful Reporting of Inaccurate Information to Consumer Reporting Agencies**
**(N.Y. Gen. Bus. Law § 380-o)**
***As To Bank Of Hope and KeyBank N.A.***

109. Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

110. The NYFCRA prohibits the knowing and willful introduction, or attempt to introduce, false information into a consumer reporting agency's files. *See* GBL § 380-o(2). Persons who violate Section 380-o are subject to fines of up to $5,000.00, imprisonment, or both. *See id.*

111. As a result of the Bank Of Hope and KeyBank N.A.'s knowing and willful introduction of false information regarding Plaintiff's Bank Of Hope and KeyBank N.A. accounts into the files of the consumer credit bureaus, Plaintiff has suffered damages including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

112. As a result of Bank Of Hope and KeyBank N.A.'s foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in

20

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 24 of 36 PageID #: 28

connection with this action, in an amount to be determined by the Court.

## COUNT VIII
### Failure to Investigate and Resolve Consumer Dispute
### (N.Y. Gen. Bus. Law §§ 380-f, 380-m)
### *AS TO THE DEFENDANT CRAS*

113.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

114.     Pursuant to GBL § 380-f(a):

If a consumer disputes any item of information contained in his file, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall promptly re-investigate and record the current status of such information, unless it has reasonable grounds to believe that the dispute by the consumer is frivolous, and it shall promptly notify the consumer of the result of its investigation, its decision on the status of the information and his rights pursuant to this section.

115.     If, after conducting the re-investigation, the CRA can no longer verify an item, or confirms an error, the CRA must, among other things: (i) "promptly expunge the item and otherwise correct the file"; (ii) "refrain from reporting the item in subsequent consumer reports"; and (iii) "clearly and conspicuously disclose to the consumer his rights to make a request for notification." *See* GBL § 380-f(b).

116.     Further, "if any item disputed and reinvestigated is found to be in error or can no longer be verified, upon completion of the reinvestigation of all items disputed, the [CRA] shall promptly mail the consumer a corrected written copy of the file, reflecting any changes, with an explanation of any code used, at no charge to the consumer." GBL § 380-f(d).

117.     Upon receipt of Plaintiff's Notice of Dispute, the Defendant CRAs were obligated to investigate Plaintiff's claims, notify Plaintiff of the results of the investigation, and fulfill any additional requirements of GBL § 380-f.

118.     The Defendant CRAs failed to undertake any investigation of Plaintiff's dispute, or

to review any information provided in connection with the dispute, and likewise failed to revise or correct all of the inaccurate information contained in Plaintiff's credit file.

119.    Upon information and belief, the Defendant CRAs further failed to notify Plaintiff of the results of their investigation, and/or no such investigation ever took place.

120.    This conduct has caused Plaintiff to suffer damages including loss and reduction of credit, damage to her credit rating, higher interest rates and unfavorable terms on any available credit options, payment of attorneys' fees and other costs to retain professionals to assist with credit recovery and lawsuit defense, and other actual damages.

121.    As a result of the Defendants CRAs' foregoing conduct in violation of the NYFCRA, Plaintiff has been damaged and is entitled to damages pursuant to GBL § 380-l, including: (i) statutory damages in an amount up to $5,000.00, to be determined by the Court; (ii) actual damages, including but not limited to damages pertaining to securing attorney and other professional representation, and incurring attorneys' fees and costs, to assist with credit recovery and lawsuit defense; (iii) punitive damages; and (iv) attorneys' fees and costs incurred in connection with this action, in an amount to be determined by the Court.

122.    The Defendant CRAs are further liable to Plaintiff pursuant to GBL § 380-m, for damages including: (i) actual damages; and (ii) attorneys' fees and costs incurred in connection with this action.

**WHEREFORE**, Plaintiff respectfully demands judgment awarding all actual, statutory, and/or punitive damages, recovery of attorneys' fees and costs, and any other relief available pursuant to applicable law.

Dated: Brooklyn, New York
      December 19, 2024

                                **PETROFF AMSHEN LLP**
                                *Attorneys for Plaintiff,*
                                Chin Lee a/k/a Chin Young Young a/k/a Chin Young Lee a/k/a Lee Chin

                                */s/ Serge F. Petroff*
                                Serge F. Petroff, Esq.
                                1795 Coney Island Avenue, Third Floor
                                Brooklyn, New York 11230
                                Telephone: (718) 336-4200
                                Email: spetroff@petroffamshen.com

Case 1:25-cv-00447-NCM-JAM   Document 1-1   Filed 01/27/25   Page 27 of 36 PageID #: 31

# EXHIBIT A

Case 1:25-cv-00447-NCM-JAM     Document 1-1     Filed 01/27/25     Page 28 of 36 PageID #: 32

**Certified Mail Tracking Information**

**Name: Chin Lee**
**Date sent: 09/20/24**

**EQ**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765487264124

**EX:** https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765487264179

**TU**: https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9407111898765487264315

Case 1:25-cv-00447-NCM-JAM   Document 1-1   Filed 01/27/25   Page 29 of 36 PageID #: 33

### Dispute Letter

**Chin Lee**
38-41 210th St
Bayside, New York 11361
Date of Birth: 09/16/██
SS#: 9978

Equifax Information Services LLC
P.O. Box 740256
Atlanta, GA 30374 - 0256

09/20/2024

Dispute letter to Remove Inaccurate information

To whom it may concern. I would like to dispute the following accounts for falsely presenting data on my credit report, which is hurtful to my credit.

Accounts to Dispute:

1. Charge-off account has inaccurate information
   CAPITAL ONE
   Account Number: 41541794****
   I believe the balance on this charge-off account is reporting inaccurately because I called and settled this debt on September 13, 2024, and I no longer owe a balance. This account should be reported as paid and closed with a zero balance. I request validation documents showing the date of the last payment and the settlement date. If validation is not possible, please update the account to reflect as paid with a zero balance as of September 2024.

2. Collection account has inaccurate information
   CREDIT COLL
   Account Number: 8708****
   I believe this collection account is reporting inaccurately because I called and settled this debt on September 13, 2024, so I no longer owe a balance. The reporting balance should be zero and I need validation documents sent to me to verify the date of the last payment and the settlement. The creditor also agreed to request deletion of this tradeline upon payment so please remove this account. This inaccurate reporting has hurt my credit and ability to utilize my credit so please make the necessary corrections immediately.

3. Charge-off account has inaccurate information
   KEYBANK NA
   Account Number: 52492459****
   I believe the balance on this charge-off account is reporting inaccurately because I called and settled this debt on September 16, 2024, and I no longer owe a balance. This account should be reported as paid and closed with a zero balance. I request validation documents showing the date

INDEX NO. 727870/2024
RECEIVED NYSCEF: 12/23/2024

Case 1:25-cv-00447-NCM-JAM   Document 1-1   Filed 01/27/25   Page 30 of 36 PageID #: 34

of the last payment and the settlement date. If validation is not possible, please update the account to reflect as paid with a zero balance as of September 2024.

Please investigate the issues presented above, and make the necessary changes to my credit report.

Enclosed are copies of my driver's license, social security card and bill in order to confirm my identity in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above.

Thank you for your time and help in this matter.

Sincerely,

Chin Lee

<u>**Dispute Letter**</u>

**Chin Lee**
38-41 210th St
Bayside, New York 11361
Date of Birth: 09/16/■
SS#: 9978

Experian
P.O. Box 4500
Allen, TX 75013

09/20/2024

Dispute letter to Remove Inaccurate information

To whom it may concern. I would like to dispute the following accounts for falsely presenting
data on my credit report, which is hurtful to my credit.

Accounts to Dispute:

1. Charge-off account has inaccurate information
   CAPITAL ONE
   Account Number: 41541794****
   I believe the balance on this charge-off account is reporting inaccurately because I called and
settled this debt on September 13, 2024, and I no longer owe a balance. This account should be
reported as paid and closed with a zero balance. I request validation documents showing the date
of the last payment and the settlement date. If validation is not possible, please update the
account to reflect as paid with a zero balance as of September 2024.

2. Charge-off account has inaccurate information
   BANK OF HOPE
   Account Number: 404273004113****
   I believe the balance on this charge-off account is reporting inaccurately because I called and
settled this debt on September 13, 2024, and I no longer owe a balance. This account should be
reported as paid and closed with a zero balance. I request validation documents showing the date
of the last payment and the settlement date. If validation is not possible, please update the
account to reflect as paid with a zero balance as of September 2024.

3. Collection account has inaccurate information
   CREDIT COLL
   Account Number: 8708****
   I believe this collection account is reporting inaccurately because I called and settled this debt
on September 13, 2024, so I no longer owe a balance. The reporting balance should be zero and I
need validation documents sent to me to verify the date of the last payment and the settlement.
The creditor also agreed to request deletion of this tradeline upon payment so please remove this

account. This inaccurate reporting has hurt my credit and ability to utilize my credit so please make the necessary corrections immediately.

4. Charge-off account has inaccurate information
   KEYBANK NA
   Account Number: 524924590068****
   I believe the balance on this charge-off account is reporting inaccurately because I called and settled this debt on September 16, 2024, and I no longer owe a balance. This account should be reported as paid and closed with a zero balance. I request validation documents showing the date of the last payment and the settlement date. If validation is not possible, please update the account to reflect as paid with a zero balance as of September 2024.

Please investigate the issues presented above, and make the necessary changes to my credit report.

Enclosed are copies of my driver's license, social security card and bill in order to confirm my identity in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above.

Thank you for your time and help in this matter.

Sincerely,

Chin Lee

Case 1:25-cv-00447-NCM-JAM    Document 1-1    Filed 01/27/25    Page 33 of 36 PageID #: 37

**Dispute Letter**

**Chin Lee**
38-41 210th St
Bayside, New York 11361
Date of Birth: 09/16/█████
SS#: 9978

TransUnion LLC Consumer Dispute Center
PO Box 2000
Chester, PA 19016

09/20/2024

Dispute letter to Remove Inaccurate information

To whom it may concern. I would like to dispute the following accounts for falsly presenting data on my credit report, which is hurtful to my credit.

Accounts to Dispute:

1. Charge-off account has inaccurate information
   CAPITAL ONE
   Account Number: 415417943964****
   I believe the balance on this charge-off account is reporting inaccurately because I called and settled this debt on September 13, 2024, and I no longer owe a balance. This account should be reported as paid and closed with a zero balance. I request validation documents showing the date of the last payment and the settlement date. If validation is not possible, please update the account to reflect as paid with a zero balance as of September 2024.

2. Collection account has inaccurate information
   CREDIT COLL
   Account Number: 8708****
   I believe this collection account is reporting inaccurately because I called and settled this debt on September 13, 2024, so I no longer owe a balance. The reporting balance should be zero and I need validation documents sent to me to verify the date of the last payment and the settlement. The creditor also agreed to request deletion of this tradeline upon payment so please remove this account. This inaccurate reporting has hurt my credit and ability to utilize my credit so please make the necessary corrections immediately.

3. Charge-off account has inaccurate information
   KEYBANK NA
   Account Number: 524924590068****
   I believe the balance on this charge-off account is reporting inaccurately because I called and settled this debt on September 16, 2024, and I no longer owe a balance. This account should be reported as paid and closed with a zero balance. I request validation documents showing the date

of the last payment and the settlement date. If validation is not possible, please update the account to reflect as paid with a zero balance as of September 2024.

Please investigate the issues presented above, and make the necessary changes to my credit report.

Enclosed are copies of my driver's license, social security card and bill in order to confirm my identity in my credit report. Also I have provided my address, date of birth and last four digits of my social security number above.

Thank you for your time and help in this matter.

Sincerely,

Chin Lee

**SUPREME COURT OF THE STATE OF NEW YORK**

**COUNTY OF** Queens

----------------------------------------------------------------x

Chin Lee a/k/a Chin Young Young a/k/a Chin Young
Lee a/k/a Lee Chin,

Plaintiff/Petitioner,

- against -

Index No. 727870/2024

Equifax Information Services LLC; Experian Information Solutions, Inc.;
Trans Union LLC a/k/a Transunion; Bank Of Hope; and KeyBank N.A.,

Defendant/Respondent.

----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

    - serving and filing your documents electronically

    - free access to view and print your e-filed documents

    - limiting your number of trips to the courthouse

    - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: December 26, 2024

Serge F. Petroff
      Name

Petroff Amshen LLP

     Firm Name

1795 Coney Island Avenue, Third Floor
      Address

Brooklyn, New York 11230

(718) 336-4200
      Phone

spetroff@petroffamshen.com
      E-Mail

To: Equifax Information Services LLC

80 State Street

Albany, New York 12207-2543